Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| GEOVANNIE ORTIZ PÉREZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202200618 | *Revisión* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm. 1-88190<br><br>Sobre: Revisión Administrativa |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Romero García y la Juez Méndez Miró.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de enero de 2023.

I.

El 9 de noviembre de 2022 Geovanny Ortiz Pérez, actualmente confinado en la Institución Bayamón 501, acudió ante nos mediante escrito intitulado, *Solicitud de Revisión Judicial Administrativa.* Aduce que, el 20 de octubre de 2022, el Comité de Clasificación y Tratamiento (Comité), le dio de baja de sus labores en la cocina de la Institución Bayamón 501. Según el *Acuerdo* del Comité, se tomó la decisión fundamentados en que: "El 12 [de] octubre [de] 2022, se realiz[ó] registro rutinario en el edif. 2 sección 1 y en la celda 205, se ocup[ó] celular violentando las normas y reglamentos vigentes del DCR. El tipo de trabajo en cocina permite libertad de movimiento lo que facilita el contrabando".

En su *Solicitud de Revisión Judicial Administrativa,* Ortiz Pérez sostiene que la determinación del Comité fue injustificada, por fundamentos frívolos y fabricados de mala fe y con malicia premeditada. Aduce: "[m]e están violentando mi derecho a presentar solicitud de reconsideración, pues el recurrente solicitó el formulario de reconsideración y se han denegado a hacerme la entrega del

mismo para privarme de poder presentar una solicitud de reconsideración…".

El 16 de diciembre de 2022, emitimos *Resolución* concediéndole al Departamento de Corrección y Rehabilitación (DCR), término de veinte (20) días para que se expresara sobre el recurso presentado por Ortiz Pérez y remitiera una copia fiel y exacta del expediente administrativo 1-88190. El 10 de enero de 2023, compareció mediante *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*. En su comparecencia, el DCR sostuvo que, el recurso presentado por Ortiz Pérez era prematuro, toda vez que, al momento la División de Remedios Administrativos tenía ante su consideración dos (2) solicitudes de remedios administrativos sobre los mismos hechos. En vista de que el proceso administrativo no había finalizado, es decir, no se había agotado, carecíamos de jurisdicción para atender su reclamo.

Ciertamente, de los documentos anejados por el DCR surge que, sobre la solicitud de remedio administrativo presentada por Ortiz Pérez el 14 de octubre de 2022, se emitió respuesta el 2 de noviembre de 2022, notificada el 14. **De la respuesta emitida, el 29 de noviembre de 2022 Ortiz Pérez presentó solicitud de reconsideración, la cual fue denegada el 21 de diciembre de 2022 y notificada el 27.** Según mencionado anteriormente, **el 20 de octubre de 2022,** Ortiz Pérez presentó **una segunda solicitud de remedio administrativo,** cuya *Respuesta* emitida por la División de Remedios Administrativos el 1 de diciembre de 2022, fue notificada el 11. A la luz de este marco procesal temporal, examinemos como asunto de umbral, la alegación del DCR, atinente a nuestra jurisdicción.

II.

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003, según

enmendada,[1] delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas".[2] Así, la Regla 56 de nuestro Reglamento contiene una disposición similar, que limita nuestra jurisdicción revisora a determinaciones administrativas finales.[3]

Ello resulta igualmente compatible con las disposiciones de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38 del 30 de junio de 2017,[4] y con la doctrina de agotamiento de remedios administrativos. Al respecto, el Sec. 4.2 de la LPAU dispone que, "[u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones".[5]

En cuanto a la doctrina de agotamiento de remedios administrativos, sabemos que constituye una norma de autolimitación judicial que determina la etapa en que un tribunal de justicia debe intervenir en una controversia que se ha presentado inicialmente en un foro administrativo.[6] Al determinar la etapa en la cual el litigante puede recurrir a los tribunales, esta doctrina evita una intervención judicial innecesaria que interfiera con el trámite normal del proceso administrativo.[7] La necesidad de agotar los remedios administrativos antes de acudir al foro judicial es un

---

[1] 4 LPRA § 24 *et seq.*
[2] Íd. § 24 y (c).
[3] 4 LPRA Ap. XXII-B, R. 56.
[4] 3 LPRA § *et seq.*
[5] Íd., § 9672.
[6] *S.L.G. Flores-Jiménez* v. *Colberg*, 173 DPR 843, 851 (2008).
[7] *Guadalupe* v. *Saldaña, Pres. UPR*, 133 DPR 42, 49 (1993).

requisito jurisdiccional,[8] el cual impide la intervención judicial hasta tanto no hayan sido agotados todos los remedios administrativos disponibles al nivel de la agencia.[9] Así, la determinación administrativa reflejará la postura final de la agencia.[10]

Es axioma encumbrado y trillado que un recurso prematuro al igual que uno tardío, "sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".[11] Sin embargo, existe una importante diferencia en las consecuencias que acarrean. La desestimación por tardío priva fatalmente a la parte de poder presentar el recurso nuevamente, ante el mismo foro o cualquier otro. No obstante, la desestimación de un recurso por prematuro permite que la parte que recurre pueda presentarlo nuevamente, una vez el foro apelado resuelve lo que estaba ante su consideración.[12] Según nuestro Tribunal Supremo de Puerto Rico, prematuro es lo que ocurre antes de tiempo; en el ámbito procesal, una revisión o un recurso prematuro es aquel presentado en la secretaría de un tribunal apelativo antes de que éste tenga jurisdicción.[13]

La presentación de un recurso prematuro carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo (*punctum temporis*) no ha nacido autoridad judicial o administrativa alguna para acogerlo; menos, para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa.[14] Ello explica la exigencia y necesidad de presentar un nuevo recurso (con su apéndice) y efectuar su notificación dentro del término jurisdiccional.[15]

---

[8] *Asoc. Pesc. Pta. Figueras* v. *Pto. del Rey*, 155 DPR 906, 916 (2001).
[9] *Guzmán y otros* v. *ELA*, 156 DPR 693, 714 (2002).
[10] *Colón Rivera et al.* v. *ELA*, 189 DPR 1033 (2013).
[11] *Julia Padró, et al* v. *Vidal, S.E.*, 153 DPR 357, 366 (2001); *Rodríguez* v. *Zegarra*, 150 DPR 649, 654 (2000).
[12] Véase: *Yumac Home* v. *Empresas Masso,* 194 DPR 96, 107 (2015); *Torres Martínez* v. *Ghigliotty,* 175 DPR 83, 97-98 (2008).
[13] *Hernández* v. *Marxuach Const. Co.*, 142 DPR 492, 497 (1997).
[14] *Julia*, 153 DPR, pág. 367; *Rodríguez* v. *Zegarra*, 150 DPR, pág. 654.
[15] *Padilla Falú* v. *Administración de Vivienda*, 155 DPR 183 (2001).

Es sabida norma que la jurisdicción es la autoridad que tienen los foros judiciales para atender controversias con efecto vinculante para las partes, por lo que el incumplimiento con estos requisitos impide que nosotros podamos atender la controversia que se nos presenta.[16] Los tribunales estamos llamados a ser guardianes de la jurisdicción que nos autoriza entender en los méritos de un caso.[17] "Las cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y como tal deben atenderse y resolverse con preferencia a cualesquiera otras".[18] Los tribunales no pueden atribuirse jurisdicción si no la tienen, ni las partes en litigio pueden otorgársela.[19]

La ausencia de jurisdicción es insubsanable.[20] Así, cuando un tribunal determina que no tiene la autoridad para atender un recurso, sólo puede así declararlo y desestimar el caso.[21] Las disposiciones reglamentarias sobre los recursos a presentarse ante este Tribunal de Apelaciones deben observarse rigurosamente.[22] Conforme a ello, la Regla 83 de nuestro Reglamento sobre desistimiento y desestimación, nos concede facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.[23]

---

[16] *Pérez Soto* v. *Cantera Pérez, Inc. y otros*, 188 DPR 98 (2013); *Souffront* v. *AAA*, 164 DPR 663, 674 (2005).
[17] *Torres Alvarado* v. *Madera Atiles*, 202 DPR 495 (2019); *Carattini* v. *Collazo Systems Analysis, Inc.*, 158 DPR 345 (2003); *Vázquez* v. *ARPE*, 128 DPR 513, 537 (1991).
[18] *Ruiz Camilo* v. *Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *S.L.G. Szendrey-Ramos* v. *F. Castillo*, 169 DPR 873, 882 (2007); *Morán* v. *Martí*, 165 DPR 356, 364 (2005); *Vega et al.* v. *Telefónica*, 156 DPR 584, 595 (2002); *Pagán* v. *Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997).
[19] *Allied Management Group Inc.* v. *Oriental Bank*, 204 DPR 374 (2020); *Maldonado* v. *Junta Planificación*, 171 DPR 46, 55 (2007); *Vázquez*, 128 DPR, pág. 537.
[20] Íd; *Souffront*, 164 DPR, pág. 674.
[21] *Allied Management Group Inc.*, 204 DPR; *Caratini*, 158 DPR, pág. 356; *Vega*, 156 DPR, pág. 595.
[22] *Isleta, LLC* v. *Inversiones Isleta Marina, Inc.*, 203 DPR 585 (2019); *García Morales* v. *Mercado Rosario*, 190 DPR 632 (2014); *Soto Pino* v. *Uno Radio Group*, 189 DPR 84 (2013); *Hernández* v. *The Taco Maker*, 181 DPR 281 (2011); *Lugo* v. *Suárez*, 165 DPR 729 (2005); *Pellot* v. *Avon*, 160 DPR 125 (2003).
[23] 4 LPRA Ap. XXII-B, R. 83.

III.

En este caso, desde la fecha de la presentación del recurso, Ortiz Pérez incumplió con requisitos reglamentarios para su perfeccionamiento. No obstante, evitando que la aplicación automática e inflexible de los requisitos reglamentarios lo prive de tener derecho de acceso a los tribunales, emitimos *Resolución* para que el DCR nos remitiera copia del expediente administrativo de Ortiz Pérez. Del expediente surge que, **Ortiz Pérez sí presentó *Solicitud de Reconsideración* ante la División de Remedios Administrativos. Incluso, Ortiz Pérez tenía dos (2) solicitudes administrativas sobre los mismos hechos presentadas al momento de acudir ante nos**. Según se desprende del expediente administrativo, la División de Remedios Administrativos no había atendido la *Solicitud de Reconsideración* al momento en que Ortiz Pérez presentó ante nos la *Solicitud de Revisión Judicial Administrativa* el 9 de noviembre de 2022. No fue hasta el 21 de diciembre de 2022, notificada el 27, que la División de Remedios Administrativos emitió *Respuesta en Reconsideración al Miembro de la Población Correccional*. Cónsono con lo anterior, carecemos de jurisdicción para atender el recurso presentado por ser prematuro.

IV.

Por los fundamentos antes expuestos, *desestimamos* el recurso por falta de jurisdicción al ser prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones